**ORIGINAL**

FILED

2009 NOV 19  AM 9: 25

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

1   JOHN M. McCOY III, Cal. Bar No. 166244
    E-mail: mccoyj@sec.gov
2   ALKA N. PATEL, Cal. Bar No. 175505
    E-mail: patelal@sec.gov
3   DAVID S. BROWN, Cal. Bar No. 134569
    E-mail: browndav@sec.gov
4
5   Securities and Exchange Commission
    Rosalind R. Tyson, Regional Director
6   Michele Wein Layne, Associate Regional Director
    5670 Wilshire Boulevard, 11th Floor
7   Los Angeles, California 90036
    Telephone: (323) 965-3998
    Facsimile: (323) 965-3908
8

9

10              **UNITED STATES DISTRICT COURT**

11            **SOUTHERN DISTRICT OF CALIFORNIA**

                                              **'09 CV 2610 JM POR**

12  SECURITIES AND EXCHANGE       Case No.
    COMMISSION,
13                                **COMPLAINT FOR VIOLATIONS OF**
                  Plaintiff,      **THE FEDERAL SECURITIES LAWS**
14
         vs.
15
    SHIDAAL EXPRESS, INC. and
16  MOHAMUD ABDI AHMED,
17            Defendants.
18
19
20
21
22
23
24
25
26
27
28

Plaintiff Securities and Exchange Commission ("Commission") alleges as follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over this action pursuant to Sections 20(b), 20(d)(1) and 22(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77t(b), 77t(d)(1) & 77v(a), and Sections 21(d)(1), 21(d)(3)(A), 21(e) and 27 of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78u(d)(1), 78u(d)(3)(A), 78u(e), and 78aa.  The Defendants have, directly or indirectly, made use of the means or instrumentalities of interstate commerce, of the mails, or of the facilities of a national securities exchange in connection with the transactions, acts, practices and courses of business alleged in this Complaint.

2.      Venue is proper in this district pursuant to Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a), and Section 27 of the Exchange Act, 15 U.S.C. § 78aa, because certain of the transactions, acts, practices, and courses of conduct constituting the violations alleged herein occurred within this district, the entity defendant is located in this district, and the individual defendant resides in this district.

**SUMMARY**

3.      This action has been filed to halt an ongoing securities fraud scheme targeting members of the Somali immigrant community who live in San Diego, Seattle, and elsewhere. Since at least 2006, Defendant Mohamud Abdi Ahmed ("Ahmed") has raised at least $3 million from over 40 investors – including $200,000 from a San Diego mosque – for his purported stock trading and financial services business operated through Defendant Shidaal Express, Inc. ("Shidaal Express").  Ahmed made false promises of exorbitant returns of 5% per month – or 60% per year – claiming that for each $10,000 investment made by an investor, the investor would receive $500 a month.  Ahmed represented he would generate those returns from trading stocks and there was no risk of loss.  Ahmed told investors their money was safe and he had a history of good results.  Ahmed promised investors, many of whom invested in cash or cashier's checks, he would repay their principal at any time upon their request.  Investors initially received some of the purported monthly returns, many of which were paid in cash, but Ahmed ceased making these payments late last year.  Since Ahmed stopped paying monthly returns, he has been

1

1  lulling investors with false promises of repayment of principal and/or falsely claiming that he

2  could not repay them because the government had seized his assets.  Several investors invested

3  their life's savings with Ahmed because others in the Somali community had invested with

4  Ahmed, received promised returns, and trusted him.

5         4.      Ahmed also solicited money for his money transfer business and made

6  misrepresentations to investors about the use of investor proceeds.  Ahmed claimed he was

7  raising money to obtain a money transfer license, but actually was trying to buy an interest in

8  another money transfer company.  Ahmed's purchase of that interest was unsuccessful.  Ahmed

9  misappropriated investors' funds by claiming to sell them shares in his money transfer business,

10  but investors who received Shidaal Express stock certificates do not appear on a list of Shidaal

11  Express shareholders Ahmed prepared.

12         5.      Shidaal Express continues to maintain a website which touts the company's stock

13  trading business and, as recently as November 9, 2009, a sign posted outside a Shidaal Express

14  store in San Diego advertises "Investment Opportunities."

15         6.      The Defendants, by engaging in the conduct described in this Complaint, have

16  violated, and unless enjoined will continue to violate, the antifraud provisions of the federal

17  securities laws.

18                                  **THE DEFENDANTS**

19         7.      **Mohamud Abdi Ahmed**, age 45, is a resident of Spring Valley, California.

20  Ahmed is the CEO, president, secretary, chairman and founder of Shidaal Express.  Ahmed does

21  not hold any securities licenses and is not registered as or associated with an investment adviser.

22         8.      **Shidaal Express, Inc.** is a California corporation located in San Diego,

23  California.  It was also incorporated in Minnesota and Washington state.  It is not registered with

24  the Commission in any capacity and it has not registered any offering of its securities under the

25  Securities Act or a class of securities under the Exchange Act.  Shidaal Express is controlled by

26  Ahmed.

27  ///

28  ///

1

## FACTS

2

### The Defendants Operate a Fraudulent Scheme

3

**Background**

4       9.      Ahmed formed Shidaal Express in 2006 to provide check-cashing, money

5   transfer, and other similar services for the Somali immigrant community.  Shidaal Express

6   operates stores in the San Diego area and may operate in other cities with large Somali

7   communities.  Since 2007, Shidaal Express has been registered as a Money Service Business by

8   the U.S. Treasury Department's Financial Crimes Enforcement Network.  Certain business

9   listings on the Internet describe Shidaal Express as a "one stop convenience center for all bill

10  pays, money orders, money wirings, check cashing and prepaid debit cards."  Among the

11  services touted on a sign at one Shidaal Express storefront in San Diego is: "Investment

12  Opportunities."  This sign was visible as recently as November 9, 2009.

13      10.     Shidaal Express currently maintains a website, www.shidaal.com, which is

14  registered to Ahmed and another company he controls.  The website does not reference Shidaal

15  Express' money transfer services and provides no relevant information about the company or its

16  operations other than listing Ahmed as its chairman and CEO.  Instead, the website provides

17  stock recommendations, daily stock forecasts, and other information about stock trading.

18  Specifically, the website shows "Daily Real Time Trades" and invites the viewer to "Come here

19  and watch our real time trades."  The website claims to serve "The Happiest Customers" and

20  invites viewers to register for the site to receive "email notification updates" and other things that

21  are password protected.  The website contains a lengthy "Disclaimer" claiming it is not involved

22  in investment advisory and securities-related activities under the federal securities laws.

23  **Ahmed's Investment Scheme**

24      11.     Since at least 2006, Ahmed has raised at least $3 million from more than 40

25  investors in the Somali immigrant community in San Diego, Seattle, and elsewhere.  Several

26  investors knew of Ahmed through a mosque in San Diego, which itself invested $200,000 with

27  Ahmed.  Ahmed directly solicited some investors including giving presentations to prospective

28  investors at a hotel near the Seattle-Tacoma airport in 2008.  Ahmed offered to pay $500

3

1  commission to existing investors for each new investor they referred. Other investors

2  approached Ahmed by referral from existing investors or through word of mouth in the Somali

3  community.

4       12.    Ahmed promised investors a guaranteed 5% monthly return (i.e., 60% annually),

5  payable on a monthly basis. Ahmed claimed he generated returns from stock trading. Ahmed

6  touted his prior education and experience as a stock trader and claimed he had never lost any

7  money. Ahmed insisted on investments in increments of $10,000, which he told some investors

8  could only be made in cash. Ahmed assured investors they could request the money back at any

9  time.

10       13.    Several investors invested their life's savings with Ahmed because others in the

11  Somali community had invested with him, they said they received promised returns, and they

12  said they trusted him. Investors often invested in cash or with cashier's checks.

13       14.    Ahmed did not give investors any documents about the investment before they

14  invested. Ahmed did not provide any documents or receipts to acknowledge investments.

15  Ahmed did not provide investors with any account statements. Until late 2008, investors

16  received monthly returns usually in cash or in some cases through payments to relatives.

17       15.    The Defendants had securities brokerage accounts, most of them in Ahmed's own

18  name, which were used to engage in risky securities trading strategies that do not appear to have

19  generated profits sufficient to pay investors the returns of 5% per month promised by Ahmed.

20       16.    Ahmed also solicited funds for his money transfer business. Ahmed represented

21  to at least one investor in 2008 that he needed to raise $1.2 million to obtain a license for his

22  money transfer business, claiming to have already raised $600,000. In those instances, Ahmed

23  promised to issue shares of Shidaal Express exchange for investor funds. In other instances,

24  however, Ahmed simply rolled-over investors' prior investments into Shidaal Express without

25  their consent. For example, an investor who previously invested $10,000 for the 5% monthly

26  return later invested $40,000 to acquire shares of Shidaal Express and $30,000 for another

27  separate investment. Ahmed, however, gave the investor a stock certificate for the entire

28  $70,000 investment, even though $10,000 had been made for the fixed-return investment. The

4

1  investor neither consented to the rollover nor received any meaningful response when he

2  questioned Ahmed about it.  Ahmed rolled-over other investors in a similar fashion.

3      17.    In late 2007 the Defendants sought to acquire a 49% interest in a San Diego-area

4  money transfer company licensed by the California Department of Financial Institutions ("DFI").

5  As part of the transaction, Shidaal Express agreed to make a capital contribution in excess of

6  $500,000 into that company, which filed an application with the DFI to seek approval of the

7  transaction.  DFI conditionally approved the transaction in late 2008, and required Shidaal

8  Express to make a $500,000 capital contribution.  Shidaal Express failed to make this

9  contribution.  On July 1, 2009, DFI terminated its approval of the transaction.

10  **Fraudulent Misrepresentations and Omissions**

11      18.    Ahmed, who has never been licensed as a securities professional, orally promised

12  investors guaranteed 5% per month, or 60 % annual, returns on their investment.  Although he

13  initially paid the promised returns, Ahmed stopped making these payments in late 2008.  Despite

14  investors' repeated requests that Ahmed honor his promises, he has failed to pay them any

15  returns.

16      19.    Ahmed promised investors that he would repay their principal at any time upon

17  request.  Although investors have demanded return of their principal, since late 2008, Ahmed has

18  failed to return their funds.  Instead, Ahmed has lulled investors into believing that their

19  investments are safe.  To pacify some investors, Ahmed made small payments by check, which

20  were returned for insufficient funds.  Ahmed misrepresented to several investors that he could

21  not repay them because the government had seized his assets.  Ahmed threatened some investors

22  who were inclined to cooperate with the FBI by telling them that he and his associates had a lot

23  of "money and power."  In another instance, from April to July 2009, Ahmed tried to extract

24  even more money from one unemployed investor by falsely promising him a position in a new

25  Shidaal Express location in San Jose, California, in exchange for additional funds.  At least two

26  investors have retained an attorney and threatened to file a lawsuit against Ahmed.  Ahmed told

27  several investors if they sued, they would get nothing.

28      20.    Ahmed misused investor funds raised for the money transfer business.  Ahmed

gave certain investors Shidaal Express stock certificates, but these investors do not appear do not appear as shareholders on documents prepared by the Defendants.  This shareholder list, updated as of May 12, 2009, purportedly included the names and ownership interests of all Shidaal Express shareholders, but at least three investors who received Shidaal Express stock certificates from Ahmed before May 2009 were not on the list.

21.     Ahmed represented to at least one investor in 2008 that he was raising money to obtain a money transfer license, which he claimed would prove profitable for Shidaal Express. However, Shidaal Express was operating during this time as an authorized Money Service Business under federal financial regulations and as an agent for a California-licensed money transfer company.  As such, Shidaal Express was already engaged in that business and presumably had the appropriate registrations and licenses to do so.  During that time, the Defendants were not working on obtaining a California license for Shidaal Express; rather, they were attempting to acquire an interest in another entity and it appears that the Defendants intended to use investors' money to pay the $500,000 consideration for acquiring that interest instead of obtaining their own license, which was not disclosed to investors.

**FIRST CLAIM FOR RELIEF**

**FRAUD IN THE OFFER OR SALE OF SECURITIES**

**Violations of Section 17(a) Of the Securities Act**

**(Against Defendants Shidaal Express and Ahmed)**

22.     The Commission realleges and incorporates by reference paragraphs 1 through 21 above.

23.     Defendants Ahmed and Shidaal Express, and each of them, by engaging in the conduct described above, directly or indirectly, in the offer or sale of securities by the use of means or instruments of transportation or communication in interstate commerce or by use of the mails:

   a.     with scienter, employed devices, schemes, or artifices to defraud;

   b.     obtained money or property by means of untrue statements of a material fact or by omitting to state a material fact necessary in order to make the

6

1    statements made, in light of the circumstances under which they were

2    made, not misleading; or

3    c.    engaged in transactions, practices, or courses of business which operated

4    or would operate as a fraud or deceit upon the purchaser.

5    24.    By engaging in the conduct described above, Defendants Ahmed and Shidaal

6    Express, and each of them, violated, and unless restrained and enjoined will continue to violate,

7    Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

8    ## SECOND CLAIM FOR RELIEF

9    ### FRAUD IN CONNECTION WITH THE PURCHASE OR SALE OF SECURITIES

10    ### Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder

11    **(Against Defendants Shidaal Express and Ahmed)**

12    25.    The Commission realleges and incorporates by reference paragraphs 1 through 21

13    above.

14    26.    Defendants Ahmed and Shidaal Express, and each of them, by engaging in the

15    conduct described above, directly or indirectly, in connection with the purchase or sale of a

16    security, by the use of means or instrumentalities of interstate commerce, of the mails, or of the

17    facilities of a national securities exchange, with scienter:

18    a.    employed devices, schemes, or artifices to defraud;

19    b.    made untrue statements of a material fact or omitted to state a material

20    fact necessary in order to make the statements made, in light of the

21    circumstances under which they were made, not misleading; or

22    c.    engaged in acts, practices, or courses of business which operated or would

23    operate as a fraud or deceit upon other persons.

24    27.    By engaging in the conduct described above, Defendants Ahmed and Shidaal

25    Express, and each of them, violated, and unless restrained and enjoined will continue to violate,

26    Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. §

27    240.10b-5.

28    ///

**PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that the Court:

**I.**

Issue findings of fact and conclusions of law that Defendant Ahmed and Shidaal Express committed the alleged violations.

**II.**

Issue judgments, in a form consistent with Rule 65(d) of the Federal Rules of Civil Procedure, temporarily, preliminarily, and permanently enjoining Defendants Ahmed and Shidaal Express, and their officers, agents, servants, employees and attorneys, and those in active concert or participation with any of them, who receive actual notice of the order by personal service or otherwise, and each of them, from violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), and Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

**III.**

Issue, in a form consistent with Rule 65 of the Federal Rules of Civil Procedure, a temporary restraining order and a preliminary injunction freezing the assets of each of the Defendants and any entity affiliated with any of them, prohibiting each of the Defendants from destroying documents, granting expedited discovery, and requiring accountings from each of the Defendants.

**IV.**

Order the Defendants to disgorge all ill-gotten gains from the illegal conduct alleged herein, together with prejudgment interest thereon.

**V.**

Order Defendants Ahmed and Shidaal Express to pay civil penalties pursuant to Section 20(d) of the Securities Act, 15 U.S.C. §77t(d) and Section 21(d)(3) of the Exchange Act, 15 U.S.C. §78u(d)(3).

///

///

## VI.

Issue, in a form consistent with Fed. R. Civ. P. 65, an order appointing a receiver over Defendant Shidaal Express and the assets thereof.

## VII.

Retain jurisdiction of this action in accordance with the principles of equity and the Federal Rules of Civil Procedure in order to implement and carry out the terms of all orders and decrees that may be entered, or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

## VIII.

Grant such other and further relief as this Court may determine to be just and necessary.

DATED:  November 18, 2009

David S. Brown
Attorney for Plaintiff
Securities and Exchange Commission

⟲JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION | SHIDAAL EXPRESS INC., and MOHAMUD ABDI AHMED |

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   San Diego County
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

David S. Brown, Esq   (323) 965-3998
Securities and Exchange Commission
5670 Wilshire Boulevard, 11th Floor, Los Angeles, CA 90036

Attorneys (If Known)

**'09 CV 2610 JM POR**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1  U.S. Government
Plaintiff

☐ 2  U.S. Government
Defendant

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | **LABOR** | **SOCIAL SECURITY** | ☒ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | **IMMIGRATION** | | Under Equal Access |
| | Employment | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 463 Habeas Corpus - | | ☐ 950 Constitutionality of |
| | Other | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 465 Other Immigration | | |
| | | Actions | | |

**PERSONAL INJURY**
☐ 362 Personal Injury -
Med. Malpractice
☐ 365 Personal Injury -
Product Liability
☐ 368 Asbestos Personal
Injury Product
Liability
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal
Property Damage
☐ 385 Property Damage
Product Liability

**PRISONER PETITIONS**
☐ 510 Motions to Vacate
Sentence
**Habeas Corpus:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
another district
(specify)

☐ 6  Multidistrict
Litigation

☐ 7  Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 77q(a); 15 U.S.C. § 78j(b), and 17 C.F.R. § 240.10b-5
Brief description of cause:
The Complaint alleges violations of the federal securities laws.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE  11/18/09

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

